

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
FERPINTA S.A., FERROCAMBO, and
BREFFKA & HEHNKE Gmbh & Co KG,

           Plaintiffs,

- against -

DELFINO MARITIME, CORP.

           Defendant.
-----------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiffs FERPINTA S.A., FERROCAMBO, and BREFFKA & HEHNKE GmbH & CO. KG, ("PlaintiffS"), by and through their attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant DELFINO MARITIME CORP., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiffs FERPINTA S.A. and FERROCAMBO were foreign companies duly organized and operating under foreign law and were the receivers of a shipment of steel bars shipped aboard the M/V MICHAIL M ("Vessel").

3. At all material times to this action, Plaintiff BREFFA & HEHNKE GMBH & CO KG was a foreign company duly organized and operating under foreign law and was the cargo insurer who insured the cargo on behalf of Plaintiffs FERPINTA S.A. and FERROCAMBO.

4. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in the Marshall Islands, and was the Owner of the Vessel.

5. Pursuant to the terms of a clean on board bill of lading issued on April 20, 2007, the Defendant loaded a cargo consisting of 1,494 bundles of steel bars at the Port of Nemrut, Turkey for delivery to Beira, Mozambique.

6. The cargo was loaded in good order and condition with no water or rust damage.

7. During the course of the voyage, the Vessel was laid up in Greece for a portion of time to undergo certain repairs before continuing on to Mozambique.

8. Upon arrival in Mozambique, the cargo of steel bars was off loaded in a damaged condition with significant salt water damage, resulting in the receivers not being able to accept this cargo in such a damaged condition.

9. The loss suffered by the receivers for the cargo, after deducting salvage value, is USD $411,140.00, which is the responsibility of the Defendant.

10. As a result of loss and damages suffered by the Plaintiffs, the Plaintiffs have sustained damages in the total principal amount of **$411,140.00** exclusive of interest, costs and fees.

11. The bill of lading provides that any disputes arising there under shall be resolved in a forum where the principal place of business of the Defendant is located.

12. Plaintiffs are preparing to commence legal proceedings against the Defendants.

13. Despite due demand, Defendant has failed to pay the amounts due to Plaintiffs. As best as can now be estimated, Plaintiffs expect to recover the following amounts from the Defendant:

| | | |
|---|---|---|
| A. | Principal Claim: | $411,140.00 |
| B. | Interest at 5% from date of loss | $11,633.36 |
| | Total: | $422,773.36 |

2

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

15. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$422,773.36.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$422,773.36** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received

or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 and/or New York CPLR Rule 5201, this Court recognize and confirm any foreign judgment or arbitration award in Plaintiffs' favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E. That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

Dated: June 19, 2008
New York, NY

The Plaintiffs
FERPINTA S.A., FERROCAMBO, and
BREFFKA & HEHNKE GMBH & CO KG

By: _____
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of New York  )
                     )  ss.:   City of New York
County of New York )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   June 19, 2008
         New York, NY

                                              */s/ Claurisse C. Orozco*
                                              Claurisse Campanale-Orozco