UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FERPINTA S.A., FERROCAMBO, and       :
BREFFKA & HEHNKE Gmbh & Co KG,       :
                                     :
            Plaintiffs,              :
                                     :       08 CV 5536 (SHS)
    - against -                      :       ECF CASE
                                     :
DELFINO MARITIME, CORP.              :
                                     :
            Defendant.               :
------------------------------------------------------X


## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE MARITIME ATTACHMENT

Plaintiffs', Ferpinta S.A., Ferrocambo, and Breffka & Hehnke Gmbh & Co KG ("Plaintiffs"), by and through their attorneys, Tisdale Law Office LLC, hereby submit this Memorandum of Law in Opposition to Defendant's Motion to Vacate the Maritime Attachment issued against it. For all of the reasons stated herein, Defendant's motion should be denied.

### STATEMENT OF FACTS

The facts pertaining to the instant Motion to Vacate the process of maritime attachment and garnishment are fully set forth in the accompanying Declaration of Amir Sussman dated July 30, 2008 ("Sussman Dec.") and the Declaration of Claurisse Campanale Orozco dated July 31, 2008 ("Orozco Dec."). The facts stated in the Declarations are incorporated by reference herein. In addition, this Memorandum of Law will make reference to, and discuss as necessary the facts set forth in the Declaration.

## *ARGUMENT*

### *I. Plaintiffs Have Satisfied Their Burden of Proof Under Supplemental Rules B and E(f)(f).*

It is well established that "an order of maritime attachment is available where the plaintiff has an *in personam* claim against the defendant that is cognizable in admiralty, the defendant cannot be found in the district, property of the defendant can be found in the district, and there is no statutory or general maritime law prohibition to the attachment." *Tramp Oil & Marine Limited v. Ocean Navigation (Hellas)*, No. 03 Civ. 5265 (LAK) 2004 U.S. Dist LEXIS 7974, at *3 (S.D.N.Y. May 7, 2004) *citing* 2 THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 21-2, at 470 (2d ed. 1994).

Rule B "permits a plaintiff to attach an absent defendant's property if the plaintiff has an admiralty or maritime claim *in personam.*" *Reibor International, Ltd. v. Cargo Carriers (KACZ-CO.), Ltd.*, 759 F.2d 262, 265 (2d Cir. 1985). Quasi in rem process can be used to attach or garnish a wide variety of tangible and intangible property. Rules B(1) and B(3) permit attachment of "virtually all tangible property. . . In addition to tangible property, service of quasi in rem process can also be used to reach a variety of intangible property, such as bank accounts, accounts receivable, and other debts owed to the defendant." *See 29-0705 Moore's Federal Practice- Civil § 705.04*.

As recently confirmed by the Second Circuit Court of Appeals in *Aqua Stoli Shipping, Ltd. v. Garnder Smith Pty Ltd.*, 460 F.3d 434, 444 (2d Cir. 2006), "an attachment may be vacated only in certain limited circumstances." Thus, the Rule(E)(4)(f) hearing is not intended to resolve the dispute between the parties, but is meant to determine if the technical requirements of Rule B were met. The plaintiff is required to show why the attachment should not be vacated or other relief granted consistent with these rules. As long as the plaintiff establishes that it has alleged a

2

prima facie maritime claim, the defendant is not present in the district, the defendant's property may be found in the district and no other statutory bar to the attachment exists, the attachment should be upheld. *See Aqua Stoli*, 460 F.3d at 445.

In this case, Plaintiffs have a valid maritime claim that is cognizable in admiralty. It arises out of losses to a cargo of steel bars that were damaged during the ocean voyage from Turkey to Mozambique. *See Verified Complaint attached as Exhibit 1 to Orozco Dec.; see also Defendant's Brief at 3-4*. The Defendant does not allege that the Plaintiffs' claim is not a maritime claim. Instead, the Defendant argues that the maritime claim has been waived by a settlement agreement, *See Def. Brief at 3*, the terms of which are in dispute. *See Sussman Dec. at ¶6-7*.

Once a plaintiff has established the technical requirements stated in Rule B, the burden shifts to the defendant to prove the limited bases for vacating the attachment. Significantly, Defendants have not challenged the facial validity of the attachment nor have they shown that any of the *Aqua Stoli* bases for vacating the attachment exist in this case.[1] Notably, the only allegation made by the Defendant is that Plaintiff's valid maritime claim has been waived in a settlement agreement. *See Def. Brief at 2*. However, whether Plaintiffs' otherwise valid maritime claim has been waived by language contained in a settlement agreement goes directly to the merits of the dispute between the parties and should be reserved for arbitration. *See Wajilam Exps. (Singapore) Pte, Ltd. v. ATL Shipping Ltd.*, No. 05 Civ. 7955 (GEL) 2006 U.S. Dist. LEXIS 77033 (S.D.N.Y. 2006) and *World Reach Shipping Ltd. v. Indus. Carriers Inc.*, No. 06 Civ. 3756 (NRB) 2006 U.S. Dist. LEXIS 83224 (S.D.N.Y. 2006).

---

[1] The Defendant does not allege that it is subject to suit in an adjacent jurisdiction, the Plaintiff can obtain jurisdiction over the Defendant where the Plaintiff is located, or that security has been otherwise provided by the Plaintiff. *See Aqua Stoli*, 463 F.3d at 445.

The Plaintiff is not required to prove its case at this stage and the Court is not required to resolve the underlying dispute between the parties. *Chiquita Int'l Ltd. and Great White Fleet v. MV BOSSE, et al.*, 518 F. Supp. 2d 589, 592-93 (S.D.N.Y. 2007); *In re Murmansk Shipping Co.*, Civ. No. 00-2354 R5, 2001 U.S. Dist. LEXIS 25227, 2002 A.M.C. 2495 (E.D.La. 2001) (*citing Cashman Equip. Corp. v. Trans Carribean Trans. Co., Ltd.*, 1996 U.S. Dist. LEXIS 16307, 1996 WL 626294, *2 (E.D.La. 1996)). As a matter of fact, "the Court need not, and should not, reach the merits of the [underlying dispute] as that is properly left to the ... arbitrators to decide." *Chiquita Int'l Ltd.*, 518 F. supp 2d at 599.

As the courts of this District have continuously recognized, "[a] detailed discussion of the merits, however, has little bearing on the motion to vacate, which is decided based on whether a prima facie claim is shown and technical requirements for attachment have been met." *Chiquita Int'l Ltd.*, 518 F. Supp. 2d at 599, *quoting Aqua Stoli*, 460 F.3d at 445. *See also Finecom Shipping Ltd. v. Multin Trade Enters. AG.*, No. 05 Civ 6695, 2005 U.S. Dist. Lexis 25761, at *1-2 (S.D.N.Y. Oct. 24, 2005) (GEL), wherein the court held:

> [A] court's ability to understand the merits of a dispute at an early stage is limited, and courts should be reluctant to prejudice the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of any discovery. This is particularly so when the ultimate merits will be decided not by this Court, but by an arbitration panel in another country.

The Defendant has not met its burden to prove the limited bases for vacating the attachment exist in this case and its motion should be denied. The Defendant admits that the Plaintiffs have a valid maritime claim. *See Defendant's Brief, at 3-4.* The argument is simply that the claim has been waived by a settlement agreement, the terms of which are in dispute. *See Sussman Dec. at ¶6-7.* The court's review of the underlying claim and whether it has been

4

waived would require it to review the merits of the dispute which is something that should be left to the forum hearing that matter. *Finecom Shipping Ltd.*, 2005 U.S. Dist. Lexis 25761, at *1-2.

Contrary to the applicable case law, the Defendant is asking the Court to review the merits of the underlying dispute in an attempt to have the attachment against it vacated. Based on the facts presented in the Declarations of Mr. Chioletis for the Defendant and Mr. Sussman for the Plaintiff, it is clear that whether Plaintiff's valid maritime claim has been waived is itself in dispute. *See Sussman Dec.; See also Chiletis Declaration included with Def. Brief.* Those issues are to be resolved in arbitration proceedings in another country. *See Sussman Dec. at ¶14.* This Court is, therefore, not the proper forum to interpret the Settlement Agreement and it would be inappropriate for this Court to do so now. *See eg., Finecom Shipping Ltd., supra*, 2005 U.S. Dist. Lexis 25761, at *1 ("courts should be reluctant to prejudice the merits of claims based essentially on the pleadings and a sparse record consisting of a few documents, in advance of any discovery.").

Finally, the Defendant's references to *Maersk, Inc. v. Neewra, et. al.*, 443 F. Supp. 2d 519 (S.D.N.Y. 2006) and *Linea Naviera de Cabotaje*, 169 F. Supp. 2d 1341 (M.D. Fl. 2001) are misplaced. In those decisions, the courts held that the "allegations or evidence offered in the parties papers or at any post-attachment hearing" beyond the complaint can be relied on **by the plaintiff** *to justify maintenance of the attachment*, in opposition to a motion to vacate, not vice versa, as the Defendant would like the Court to believe. Furthermore, *Aqua Stoli* now makes clear that "[t]he determination of whether a plaintiff has a valid maritime claim is a prima facie standard." *Chiquita Int'l Ltd.*, 518 F. Supp. 2d at 592-93 *citing Ronda Ship Mgmt v. Doha Asian Games Organizing Comm.*, 511 F. Supp. 2d 399 (S.D.N.Y. 2007). The Second Circuit "reject[ed] the reasoning of the more recent district court decisions that have engaged in a

broader Rule E(4)(f) inquiry." *See Tide Line, Inc. v. Eastrade Commodities, Inc.*, at *11 (discussing in detail the holding of Aqua Stoli). In any event, the declaration submitted in support of Defendant's motion is contradicted by the declaration submitted in support of Plaintiffs' opposition to Defendant's motion. Even if the Court were to consider all of this information, it would not be able to resolve the factual disputes between the parties at this stage.

Therefore, because the technical requirements of the Rule have been met and the Defendant has failed to satisfy its burden under the Rules as discussed herein, the Defendant's motion should be denied.

## II. Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)6 Should Be Denied

It is clear that the Plaintiff has alleged a prima facie maritime claim and as such is entitled to the remedy of a Rule B attachment. In addition, the Plaintiffs have properly pleaded a cause of action against the Defendant and Defendant's motion to dismiss pursuant to Rule 12 should be denied. In a complaint filed pursuant to the Federal Rules of Civil Procedure, a Plaintiff is required to allege "a short and plain statement of the claim sowing that the pleader is entitled to relief." *Tide Line, Inc.*, 2006 U.S. Dist. Lexis 95870, at *23. With respect to a maritime claim involving process of maritime attachment, the Plaintiff's complaint should "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *Id. quoting* FED. R. CIV. P. SUPP. R. E(2).

Plaintiffs have properly pleaded their claim against the Defendant in this case and its motion to dismiss should be denied. The Verified Complaint filed in this action, *attached as Exhibit 1 to the Orozco Dec.*, alleges the identity of the parties, Verified Complaint at ¶¶ 2-4; the

bills of lading that were issued, Verified Complaint at ¶5, the nature of the cargo and damage thereto, Verified Complaint at ¶¶6-8, and the amount of damages sustained as a result thereof; Verified Complaint at ¶9-10. Furthermore, the pleading requirement was satisfied because the Defendant's reason for filing the motion for dismissal is not based on insufficient pleading or failure to state a claim, but instead alleges the same basis for vacating the attachment – that the claim was waived in a settlement agreement. Because the claim against the Defendant is a valid prima facie claim, Defendant's motion to dismiss based on Rule 12 should be denied.

Defendant's reliance on *OGI Oceangate Transport. Co. Ltd. v. Logisitcs Pvt Ltd.*, 2007 U.S. Dist. Lexis 74180 (S.D.N.Y. Oct. 4, 2007) is inapposite. In that case, there was a clear cut settlement agreement between the parties, the plaintiff admitted that the settlement was valid, and the plaintiff received payment in satisfaction of that agreement. *See id.* at 86-7. That is quite different from the present case where the nature of the settlement itself is in dispute and the Plaintiff has alleged a valid claim that is not waived by the settlement agreement with the Defendant.

### III. Conclusion

For all of the reasons stated above, Defendant's motion to vacate the attachment and motion to dismiss the complaint should be denied in all respects.

Dated: New York, NY  
July 31, 2006

The Plaintiffs,  
FERPINTA S.A., FERROCAMBO, and  
BREFFKA & HEHNKE Gmbh & Co KG,

By: _____  
Claurisse Campanale Orozco (CC3581)  
Thomas L. Tisdale (TL 1980)  
TISDALE LAW OFFICES, LLC  
11 West 42nd Street, Suite 900  
New York, NY 10036  
(212) 354-0025 – phone  
(212) 869-0067 – fax  
corozco@tisdale-law.com  
ttisdale@tisdale-law.com