UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FERPINTA S.A., FERROCAMBO, and
BREFFKA & HEHNKE Gmbh & Co KG,

                Plaintiffs,

                08 CV 5536
- against -                ECF CASE

DELFINO MARITIME, CORP.

                Defendant.
-------------------------------------------------------X

## DECLARATION OF CLAURISSE CAMPANALE-OROZCO IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT

Claurisse Campanale-Orozco declares under penalty of perjury of the laws of the United States of America as follows:

1. I am an attorney with the firm of Tisdale Law Offices, LLC, counsel for Plaintiffs Ferpinta S.A., Ferrocambo and Breffka & Hehnke Gmbh & Co KG ("Plaintiffs") and I make this declaration based upon my own personal knowledge and upon documents that I believe to be true and accurate.

2. I submit this Declaration in Support of Plaintiffs' Opposition to Defendant's motion to vacate the maritime attachment.

3. Pursuant to the terms of a clean on board bill of lading issued on April 20, 2007, the Defendant loaded a cargo of 1,494 bundles of steel bars at the Port of Nemrut, Turkey for delivery to Beira, Mozambique. *See Verified Complaint, attached hereto as Exhibit 1, at ¶5.*

4. The cargo was loaded in good order and condition with no water or rust damage. *See id., at ¶6.*

5. During the course of the voyage, the Vessel was laid up in Greece for a portion of time to undergo certain repairs before continuing on to the discharge port of Mozambique which resulted in a general average event. *See id., at ¶7.*

6. When the Vessel arrived in Mozambique, the cargo of steel bars was off loaded in a damaged condition with significant salt water damage. *See id., at ¶8.*

7. As a result of the damage to the cargo, the Plaintiff receivers were not able to accept the cargo in its damaged state. *See id.*

8. The parties entered into a restricted Settlement Agreement whereby the Plaintiffs agreed to waive all rights arising only from the delay incurred in the delivery of the cargo. However, the waiver of rights did not include "claims or rights that the Receivers may have against the owners and/or managers of the vessel due to the deterioration of htequality of the cargo or loss or damage to the cargo." *See Settlement Agreement attached as Exhibit A, at A1-A3 of the Sussman Dec.; see also Sussman Dec at ¶5.*

9. The loss suffered by the receivers for the cargo, after deducting salvage value, is USD $411,140.00, which is the responsibility of the Defendant. *See Verified Complaint attached hereto as Exhibit 1 at ¶10.*

## THE RULE B APPLICATION

10. In order to obtain personal jurisdiction over the Defendant, and to obtain security for an anticipated arbitration award, Plaintiff commenced this action on June 19, 2008 by filing a Verified Complaint, which included a prayer for an Ex-Parte Order for Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8.

11. On June 20, 2008, the Court issued an Ex-Parte Order of Maritime Attachment and Garnishment. The Ex-Parte Order authorized Plaintiff to attach Defendant's property up to the sum of $422,773.36, located within this judicial district and belonging to the Defendant Delfino Maritime, Corp.

12. The Ex-Parte Order and Process of Maritime Attachment and Garnishment ("PMAG") named garnishee banks believed to have assets due and owing to the Plaintiff. The Ex-Parte Order and PMAG were served upon the banks, including ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, Wachovia Bank.

13. On July 2, 2008 funds belonging to Delfino Maritime, Corp. were restrained at Bank of New York in the sum of $277,222.55.

14. On or about July 8, 2008, Plaintiff sent notice to Delfino Maritime, Corp. of the attachment via United States Postal Service, registered, return receipt requested, which contained copies of all pleadings filed in the instant action.

15. In total, Plaintiff has attached the sum of $277,222.55 of Delfino Maritime, Corp.'s funds.

16. Attached hereto as Exhibit 1 is a true and accurate copy of the Verified Complaint filed in this action and served on the Defendant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 31, 2008 in Southport, CT.

_____
Claurisse Campanale Orozco

# EXHIBIT 1

JUDGE STEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FERPINTA S.A., FERROCAMBO, and        :
BREFFKA & HEHNKE Gmbh & Co KG,        :
                                      :
                    Plaintiffs,       :
                                      :
    - against -                       :
                                      :
DELFINO MARITIME, CORP.               :
                                      :
                    Defendant.        :
-----------------------------------------------------------X

08 CV 5536

08 CV
ECF CASE

## VERIFIED COMPLAINT

Plaintiffs FERPINTA S.A., FERROCAMBO, and BREFFKA & HEHNKE GmbH & CO. KG, ("Plaintiffs"), by and through their attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant DELFINO MARITIME CORP., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiffs FERPINTA S.A. and FERROCAMBO were foreign companies duly organized and operating under foreign law and were the receivers of a shipment of steel bars shipped aboard the M/V MICHAIL M ("Vessel").

3. At all material times to this action, Plaintiff BREFFA & HEHNKE GMBH & CO KG was a foreign company duly organized and operating under foreign law and was the cargo insurer who insured the cargo on behalf of Plaintiffs FERPINTA S.A. and FERROCAMBO.

4. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in the Marshall Islands, and was the Owner of the Vessel.

5. Pursuant to the terms of a clean on board bill of lading issued on April 20, 2007, the Defendant loaded a cargo consisting of 1,494 bundles of steel bars at the Port of Nemrut, Turkey for delivery to Beira, Mozambique.

6. The cargo was loaded in good order and condition with no water or rust damage.

7. During the course of the voyage, the Vessel was laid up in Greece for a portion of time to undergo certain repairs before continuing on to Mozambique.

8. Upon arrival in Mozambique, the cargo of steel bars was off loaded in a damaged condition with significant salt water damage, resulting in the receivers not being able to accept this cargo in such a damaged condition.

9. The loss suffered by the receivers for the cargo, after deducting salvage value, is USD $411,140.00, which is the responsibility of the Defendant.

10. As a result of loss and damages suffered by the Plaintiffs, the Plaintiffs have sustained damages in the total principal amount of **$411,140.00** exclusive of interest, costs and fees.

11. The bill of lading provides that any disputes arising there under shall be resolved in a forum where the principal place of business of the Defendant is located.

12. Plaintiffs are preparing to commence legal proceedings against the Defendants.

13. Despite due demand, Defendant has failed to pay the amounts due to Plaintiffs. As best as can now be estimated, Plaintiffs expect to recover the following amounts from the Defendant:

| | | |
|---|---|---|
| A. | Principal Claim: | $411,140.00 |
| B. | Interest at 5% from date of loss | $11,633.36 |
| | Total: | $422,773.36 |

14. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

15. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$422,773.36.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$422,773.36** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received

or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 and/or New York CPLR Rule 5201, this Court recognize and confirm any foreign judgment or arbitration award in Plaintiffs' favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiffs the attorneys' fees and costs incurred in this action; and

E. That the Plaintiffs have such other, further and different relief as the Court deems just, proper and equitable.

Dated: June 19, 2008  
New York, NY

The Plaintiffs  
FERPINTA S.A., FERROCAMBO, and  
BREFFKA & HEHNKE GMBH & CO KG

By: /s/ Claurisse C. Orozco  
Claurisse Campanale Orozco (CC 3581)  
Thomas L. Tisdale (TT 5263)  
TISDALE LAW OFFICES LLC  
11 West 42nd Street, Suite 900  
New York, NY 10036  
(212) 354-0025 – phone  
(212) 869-0067 – fax  
corozco@tisdale-law.com  
ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    June 19, 2008
          New York, NY

_____
Claurisse Campanale-Orozco

5