UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FERPINTA S.A., FERROCAMBO, and
BREFFKA & HEHNKE Gmbh & Co KG,                    08 Civ. 5536 (SHS)

                 Plaintiffs,

   -against-

DELFINO MARITIME CORP.,

                 Defendant.
-------------------------------------------------------X

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT
<u>AND VACATE MARITIME ATTACHMENT</u>**

BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
DELFINO MARITIME CORP.
355 Lexington Avenue, 4th Floor
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

*Of Counsel:*

Peter Skoufalos

## PRELIMINARY STATEMENT

Defendant Delfino Maritime Corp. ("Defendant") has moved to dismiss the Complaint and to vacate the Court's Order authorizing process of maritime attachment. This memorandum of law is in further support of Defendant's motion and in reply to Plaintiffs' opposition submissions.

Defendant is also submitting herewith an additional declaration of Panagiotis Chiotelis, Esq., dated August 5, 2008. Mr. Chiotelis was counsel for Defendant throughout the period in which the current dispute arose. Mr. Chiotelis has previously submitted a declaration dated July 11, 2008 in support of Defendant's motion.[1]

## REPLY TO PLAINTIFFS' "STATEMENT OF FACTS"

The key facts underlying this matter are set out in the two Chiotelis Declarations and in the declaration of Amir Sussman dated July 30, 2008. These facts are not really in dispute as they are corroborated by contemporaneous correspondence between Mr. Chiotelis and Mr. Sussman (both experienced lawyers) at the time the actual events were unfolding.

As Mr. Chiotelis makes clear, he and Mr. Sussman exchanged correspondence on November 7, 2007 [2nd Chiotelis Decl. ¶7] and again on November 13 – 14, 2007 [1st Chiotelis Decl. ¶¶16-18; 2nd Chiotelis Decl. ¶¶4-5], in which the parties agreed to fully and finally resolve any disputes over the condition of the cargo by having a neutral, third survey performed. This correspondence has now been produced and cited by both parties, and it is Defendant's contention that Plaintiffs' allegations cannot be sustained under these indisputable facts. Further, if the complaint must be dismissed, the Rule B attachment must also be vacated since Plaintiffs will be unable to allege a valid *prima facie* maritime claim.

---

[1] The July 11, 2008 declaration will be referred to herein as "1st Chiotelis Decl." and the August 5, 2008 declaration as "2nd Chiotelis Decl.".

**ARGUMENT**

**POINT I**

**IN A RULE E(4)(f) HEARING, PLAINTIFFS
CANNOT SIMPLY REST ON THEIR PLEADINGS
TO SUSTAIN AN ATTACHMENT BASED
ON A PREVIOUSLY WAIVED CLAIM**

It appears to be Plaintiffs' position that, no matter what evidence the Defendant has adduced in regard to the validity of their claim, all Plaintiffs need do is plead a *prima facie* maritime claim. Moreover, according to the Plaintiffs, any glimpse by this Court at the underlying facts of this case is an impermissible meddling into the merits of the parties' dispute—something presumably the exclusive province of the London arbitrators.[2]

Contrary to Plaintiffs' assertion, the Second Circuit did not cut off the district courts from any consideration of the validity of the plaintiff's claim in the context of a challenge to a Rule B attachment. In fact, the Court expressly found that a necessary condition for upholding a Rule B attachment is that the plaintiff must possess a "valid prima facie admiralty claim against the defendant." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006).

It is also indisputable that the burden of upholding the attachment rests on the Plaintiffs throughout the Supplemental Rule E(4)(f) hearing. It does not "shift" to the Defendant, as Plaintiffs contend, merely because Plaintiffs have met certain technical pleading requirements for the attachment. *Cf. Plaintiff's Mem. of Law at 3*. In fact, at all times during the Rule E(4)(f) hearing, Plaintiffs, as the parties obtaining the attachment, have "the burden of showing that the

---

[2] In this context, the Court should bear in mind that it may be a while before a panel of London arbitrators ever sees this case. Up to now, the Plaintiffs have not taken any steps whatsoever to commence London arbitration and seem keener on pursuing an attachment of Defendant's property than in getting a determination on the merits [2nd Chiotelis Decl. ¶13].

attachment should not be vacated" at the hearing. *Seaplus Line Co. Ltd. v. Bulkhandling Handymax AS*, 409 F. Supp. 2d 316, 318 (S.D.N.Y. 2005).

Furthermore, the very limited review of the "merits" that Plaintiffs argue for is not supported by the language of Supplemental Rule E itself. Rule E(4)(f) expressly states that a plaintiff must show cause why the attachment should not be vacated "or other relief granted consistent with these rules." Supp. Rule E(4)(f). Also, Rule E(4)(f) does not specify what form the post-attachment hearing must follow, and the nature and scope of the hearing can be tailored to the particular issues in controversy. *Salazar v. M/V ATLANTIC SUN,* 881 F.2d 73, 79 (3d Cir. 1989). Consequently, a defendant can attack the sufficiency of the "complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." Supp. R. E(4)(f) Advisory Committee Note (1985 amendment). *See also Petroleos Mexicanos Refinacion v. M/T KING A*, 377 F.3d 329 (3d Cir. 2004) ("Rule E(4)(f) motion . . . is similar (at least here) to a motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.")

Despite these clear authorities, it is Plaintiffs' contention that the attachment can be sustained simply on the basis of a well-pleaded complaint. However, this is not the practice of the courts in this circuit, and review of the "merits", at some level, is the only manner in which a district court can evaluate whether the plaintiff has a valid *prim facie* maritime claim. For example, in *Maersk, Inc. v. Neewra, Inc.*, 442 F. Supp 2d 519 (S.D.N.Y. 2007), the district court noted that a Rule E(4)(f) hearing "is a specialized maritime proceeding with the singular purpose of determining the ongoing propriety of a maritime attachment." Consequently, "the Court's review of whether reasonable grounds exist for the attachment is not limited to allegations in the Complaint." 442 F. Supp. 2d at 530.

Not surprisingly, the cases cited by Plaintiffs do not stand for the proposition that no review of the underlying merits is permissible. For example, in *Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F. Supp. 2d 275 (S.D.N.Y. 2006), cited at page 3 of Plaintiff's memorandum of law, Judge Lynch found that "review of extraneous evidence is appropriate" in determining whether a plaintiff has a valid *prima facie* maritime claim. 475 F. Supp. 2d at 279.

In the present case, the extraneous evidence produced by Defendant in the two Chiotelis Declarations leaves no doubt that the claim which is the subject of Plaintiffs' complaint (i.e. salt water damage) was resolved by prior agreement of the parties.

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS CANNOT STATE A CLAIM FOR SALTWATER DAMAGE TO THE CARGO

Rule 12(b)(6) provides for dismissal of a complaint where the plaintiff fails to state a cause of action. The Court may grant such a motion if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. Clark*, 355 U.S. 41, 45-46 (1957). Further, a motion to dismiss can accompany an application for vacatur of a maritime attachment where, as here, dismissal of the complaint is also sought. *See Chiquita International Ltd. v. Bosse Shipping Ltd.*, 518 F. Supp. 2d 589, 596 (S.D.N.Y. 2007).[3]

A plaintiff's voluntary waiver of a claim can form the basis for a motion to dismiss under Rule 12(b)(6). *Laramee v. Jewish Guild for the Blind*, 72 F. Supp. 2d 357, 359 (S.D.N.Y. 1999)

---

[3] Since both parties have submitted factual evidence beyond the four corners of the complaint, the Court can also treat Defendant's current 12(b)(6) motion as one for summary judgment. *See e.g. Wajilam Exports (Singapore) Pte. Ltd.*, 475 F. Supp. 2d at 279, n.6 (citing *Mar. Ventures Int'l, Inc. v. Caribbean Trading & Fid., Ltd.*, 689 F. Supp. 1340, 1348 (S.D.N.Y. 1988)).

(Stein, J.) (dismissing complaint based on plaintiff's waiver of claim in settlement agreement). While the grounds for a motion to dismiss generally must be found within the complaint, the court may also "consider documents attached to the complaint as exhibits or incorporated in it by reference." *Id. See also Baba v. Warren Mgmt. Consultants*, 882 F. Supp. 339, 343 (S.D.N.Y. 1995) (waiver claim under Rule 12(b)(6) motion converted into motion for summary judgment).

Judgment dismissing the complaint is particularly appropriate where, as here, the underlying facts are not in dispute and the Court is in position to enter a judgment on these undisputed facts. These indisputable facts demonstrate that:

- On October 26, 2007 the parties entered into an agreement in which Plaintiffs agreed to waive any claims against the Defendant for delay-related damage and damage caused by "atmospheric rust." [1st Chiotelis Decl. ¶9, Ex. "B"]

- On November 7, 2007, Plaintiffs sent correspondence to Defendant agreeing "to a third survey on the cargo to be done by independent surveyor SGS." [1st Chiotelis Decl. ¶15, Ex. "D-14"; 2nd Chiotelis Decl. ¶7, Ex. "1"]

- On November 7, 2007, Defendant responded to the foregoing message and agreed and accepted that SGS would be appointed to prepare a "final survey report which to be accepted and bind (sic) by both parties (owners and cargo receivers)." [Id.]

- Further, on November 13, 2008, Defendant sent correspondence to Plaintiffs confirming that the SGS surveyor would be instructed that his "findings will be final and binding." [1st Chiotelis Decl. ¶16, Ex. "D-20"]

- On that same date, Plaintiffs replied to the foregoing message and requested that the surveyor be given additional instructions on behalf of the Plaintiffs, which were, in fact, provided to SGS. [1st Chiotelis Decl. ¶¶17-18, Exs. "D-21" and "E"]

- The SGS survey concluded that there was no salt water damage to the Cargo.

In an effort to distinguish the case, Plaintiffs have place too narrow a reading on Judge Sweet's holding in *OGI Oceangate Transportation Co. Ltd. v. Logistics Pvt. Ltd.*, 2007 U.S. Dist. LEXIS 74180 (S.D.N.Y. Oct. 4, 2007). *OGI Oceangate* is relevant because the decision makes clear that even a well-pleaded claim can be dismissed upon evidence that the claim was previously settled. Similarly, it is the Defendant's contention that undisputed facts adduced by both parties reflect a settlement and agreement barring the present claim for salt water damage. The court cannot simply turn a blind eye, as argued by the Plaintiffs, to these facts and must dismiss the complaint.

## **CONCLUSION**

Plaintiffs' Complaint should be dismissed, with prejudice. In addition, the ex parte Order of maritime attachment issued in this action on June 19, 2008 should be vacated and all funds attached pursuant thereto should be immediately released.

Dated: August 5, 2008
     New York, New York


BROWN GAVALAS & FROMM LLP
Attorneys for Defendant
DELFINO MARITIME CORP.


Peter Skoufalos (PS-0105)
355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946